### Yeghisabet HARUTYUNYAN,
### Petitioner,

### v.

### Alberto R. GONZALES, Attorney General, Respondent.

### No. 04–76589.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Yeghisabet Harutyunyan, Glendale, CA, pro se.

Boris Baladjanian, Valencia, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Joan E. Smiley, Esq., Richard M. Evans, Esq., U.S. Department of Justice, Civil Division, Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM **

Yeghisabet Harutyunyan, a native of Iran and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision that summarily affirmed the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

The IJ found Harutyunyan incredible based upon inconsistent statements about who was present during her confrontation with the chief physician, nonresponsiveness regarding her ability to gain access to the chief physician at the hospital, and an inconsistency regarding the conditions imposed by the police upon her release. Because these inconsistencies go to the heart of Harutyunyan's asylum claim, regarding persecution by the Armenian police, substantial evidence supports the IJ's adverse credibility finding. *See Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990); *see also Li,* 378 F.3d at 964 (so long as one finding is supported by substantial evidence and goes to the heart of the claim, the court is bound to accept the negative credibility finding).

Because Harutyunyan has failed to satisfy the lower standard of proof for asylum, it necessarily follows that she has failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence supports the IJ's denial of CAT relief because Harutyunyan did not establish that it is "more likely than not" that she will be tortured if returned to Armenia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

